In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-23-00023-CR
NO. 09-23-00024-CR

_____

TYE KOBI JACKSON-WELLS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 252nd District Court
Jefferson County, Texas
Trial Cause Nos. 21-38087 and 21-38089

## MEMORANDUM OPINION

Tye Kobi Jackson-Wells, the defendant in trial court cause numbers 21-38087 and 21-38089, agreed to plead guilty in each case under plea agreements he made with the State. In cause number 21-38087, Jackson-Wells pleaded guilty to burglarizing a habitation, a second-degree

felony.[1] In cause number 21-38089, Jackson-Wells pleaded guilty to theft, a state-jail felony.[2] In exchange for his pleas, the State recommended that the trial court defer the adjudication of his guilt and place Jackson-Wells on community supervision.

In carrying out the plea agreement, the trial court found the evidence sufficient to find Jackson-Wells guilty of the offense, deferred the adjudication of his guilt, and signed and order placing Jackson-Wells on community supervision. In cause number 21-38087 the trial court ordered Jackson-Wells placed on community supervision for ten years, while in cause number 21-38089 the trial court placed him on community supervision for five years.

Months later, the State moved to revoke the deferred-adjudication orders. In the motions to revoke, the State alleged that Jackson-Wells violated four conditions of his community supervision. Following the hearing the court conducted on the motions, the trial court found the allegations to be true. Rather than revoking the deferred-adjudication orders, however, the trial court amended the terms of its community

[1]*See* Tex. Penal Code Ann. § 30.02.
[2]*See id.* § 31.03.

supervision orders and required Jackson-Wells to serve 90-days upfront jail-time and to complete a one-year residential treatment program.

Less than two months later, the State filed new motions asking the trial court to revoke its decision to defer the adjudication of Jackson-Wells' guilt in the cases. In these motions, the State alleged that Jackson-Wells violated two of the conditions of the trial court's community-supervision orders while he was jailed in the Jefferson County Correctional Facility.

During the hearing on the State's motions, Jackson-Wells pleaded "true" to one of the allegations in the State's motion and not true to the other. When the evidentiary hearing on the State's motions concluded, and based on the evidence the trial court heard during the hearing to support the State's motion, the trial court (1) revoked its community-supervision orders, (2) pronounced Jackson-Wells guilty and sentenced him to twenty years in prison in trial court cause number 21-38087 on his conviction for burglarizing a habitation, and (3) pronounced Jackson-

Wells guilty and sentenced him to two years' in prison in trial court cause number 21-38089 on his conviction for theft.[3]

After Jackson-Wells filed notices of appeal, the trial court appointed an attorney to represent him in his appeals. The attorney discharged his responsibilities to Jackson-Wells by filing an *Anders* brief.[4]

In the brief, Jackson-Wells' attorney represents there are no arguable errors that he can argue that would lead to the Court's reversing the trial court's judgments in these two appeals.[5] In our opinion, the brief the attorney filed on Jackson-Wells' behalf provides a professional evaluation of the record. In the brief, Jackson-Wells' attorney explains why, under the records in these appeals, no arguable issues exist to reverse the trial court's judgments.[6] Subsequently, the attorney appointed to represent Jackson-Wells filed motions to withdraw, and he attached letters to his motions addressed to Jackson-Wells. They state

---

[3]The trial court ordered Jackson-Wells' sentences in both cases to run concurrently. *See id.* § 12.35 (providing punishment range of 180 days to two years in jail for state-jail felonies), *id.* § 12.33 (providing punishment range of two to twenty years in prison for second-degree felonies).

[4]*See Anders v. California*, 386 U.S. 738, 744 (1967).

[5]*See id.; High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978).

[6]*See id.*

the attorney sent Jackson-Wells a copy of the brief and the records in these appeals.

The Clerk of the Ninth Court of Appeals also notified Jackson-Wells, by letter, of his right to file a pro se brief or response on or before May 3, 2022. Thereafter, Jackson-Wells filed a pro se response. In it, Jackson-Wells argues he shouldn't have received a twenty-year-sentence in his case for burglarizing a habitation because the offense was committed when he "was a juvenile."[7]

When an appellate court receives an *Anders* brief and a later-filed pro se response, it has two choices.[8] "It may determine that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error. (citation omitted) Or, it may

_____

[7]The record includes an order signed by the presiding judge of the Jefferson County District Court who, in July 2021, was responsible for handling juvenile proceedings in Jefferson County. In the July 2021 order, the juvenile court waived its right to exercise jurisdiction over Jackson-Wells for the offense alleging that Jackson-Wells burglarized a habitation in February 2021 and for the offense alleging that he committed felony theft in March 2021. The juvenile court ordered Jackson-Wells "transferred to a Criminal District Court of Jefferson County, Texas for Criminal Proceedings to be dealt with as an adult in accordance with the Texas Code of Criminal Procedure."

[8]*See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005) (cleaned up).

determine that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues."[9]

We have independently examined the records in Jackson-Wells' appeals to determine whether the attorney assigned to represent him has a non-frivolous argument that would support either appeal.[10] After reviewing the clerk's records, the reporter's records, and the attorney's brief, we agree with counsel's conclusion that no arguable grounds exist to support the appeals. Thus, it follows the appeals are frivolous.[11] For that reason, we need not require the trial court to appoint another attorney to re-brief them.[12]

---

[9]*Id.*

[10]*Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744).

[11]*See Bledsoe*, 178 S.W.3d at 827-28 ("Due to the nature of Anders briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1.").

[12]*See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Jackson-Wells may challenge our decision in the cases by filing petitions for discretionary review. *See* Tex. R. App. P. 68.

The trial court's judgments in cause numbers 21-38087 and 21-38089 are affirmed.

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on August 10, 2023
Opinion Delivered August 16, 2023
Do Not Publish

Before Golemon, C.J., Horton and Johnson, JJ.